By the Court,
Monell, J.
I am inclined to think that when the execution issued, the stay upon the judgment was not removed. The effect of giving the undertaking on the appeal to the general term, was to stay all further proceedings upon the judgment appealed from, (Code, § 33,) andan execution could not regularly issue until after the judgment of the general term affirming the j udgment appealed from. The mere oral announcement of a decision by judges sitting in the general term, and the entry of such decision in the minutes of the clerk, is not such a judgment of the general term as will authorize action under it. A formal judgment which embraces the decision and becomes a permanent record of the court, must be entered by the clerk, and such judgment only removes the stay of proceedings. (Lenthilon v. Mayor, &c., 1 Code R. N. S. 111.)
There was, however, a valid judgment to support the execu *634 tion. Its effect and operation and the rights of the plaintiff to enforce it by appropriate process, was suspended pending the appeal. It was undoubtedly, therefore, an irregularly in conducting the proceedings to enforce it, to issue an execution before judgment of affirmance had been duly entered. But it was an irregularity merely. Mr. Tidd (in his Practice, 512,) says : “An irregularity in practice may be defined to be the want of adherence to some prescribed rule or proceeding. And it consists in omitting to do something that is necessary for the due and orderly conducting of a suit or ordering it in an unseasonable time, or improper manner." He mentions the entering of judgment before the time to plead has expired ; the service of an execution after its return day, and the like,- as instances of irregularities.
The long and uniform practice of the court has required that motions to vacate process, or proceedings irregularly issued or taken in a cause, shall be made at the first opportunity after the irregularity has been discovered, otherwise the irregularity will be deemed to be waived.
The execution in this case was issued on the 30th of May, 1864, and as the defendant’s attorney states in his affidavit, was on the same day levied on the defendant’s property. Yet the defendant omitted to take any steps to procure the execution t"o be set aside until the 5th of October, more than four' months after it was issued. I think he was too late, and should be deemed to have waived the irregularity, especially as the judgment of affirmance was entered in due form on the 2d of June, and the defendant appealed .therefrom on the 8t'h of June, With knowledge of the irregular issuing of the execution.
The order appealed from should be reversed.
Ordered accordingly.